# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THOMAS HORST, | Case No. 2:18-cv-02041-RFB-PAL |
| Plaintiff, | **ORDER** |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | |

## I.   INTRODUCTION

On November 1, 2018, the Court found that the Petition for Removal (ECF No. 1) and Signed Statement Concerning Removal (ECF No. 5) did not adequately establish the amount in controversy and ordered Defendant to show cause why the Court should not remand the case to state court. The Court has reviewed Defendant's Response to the Order (ECF No. 7). The Court continues to find the amount in controversy inadequately established and therefore remands this case to state court.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. In re Hunter, 66 F.3d 1002, 1005 (9th Cir. 1995). A federal court therefore has a *sua sponte* obligation to ensure that it has subject matter jurisdiction. Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1036 (9th Cir. 2013) (citations omitted); see also Gonzalez v. Thaler, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have

///

disclaimed or have not presented."). Indeed, "subject matter jurisdiction can never be waived or forfeited." Gonzalez, 565 U.S. at 134.

A defendant may remove a case initially filed in state court to federal court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). When a case is removed solely under 28 U.S.C. § 1441(a), all defendants that have been properly joined and served must either join in, or consent to, removal. 28 U.S.C. § 1446(b)(2).

"Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (citation and quotation marks omitted). A federal court should remand a case to state court if any doubt exists as to the right to removal. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (footnote omitted). Further, when "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118, 1121–22 (9th Cir. 2013).

Federal courts have original jurisdiction over actions where the matter in controversy is greater than $75,000 if there is complete diversity between the plaintiff and each defendant. 28 U.S.C. § 1332(a). Speculation regarding the amount in controversy is insufficient to establish removal jurisdiction on the grounds of diversity. See Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 774 (9th Cir. 2017); see also Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015). The Ninth Circuit defines "amount in controversy" as "the amount at stake in the underlying litigation" which includes "any result of the litigation, excluding interests and costs, that entails a payment by the defendant." Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648 (9th Cir. 2016) (internal quotations omitted). "This amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." Id. at 648–49.

### III. DISCUSSION

After considering Defendant's response to the Order to Show Cause, the Court finds Defendant has failed to adequately establish the amount in controversy required for diversity jurisdiction.

The Court has reviewed the record including the Defendant's Response to the Order to Show Cause (ECF No. 7) and finds that the alleged medical special damages in this case are approximately $60,000 and the offsets total $20,000, leaving only approximately $40,000 in medical special damages liability for Defendant. Plaintiff separately alleges a breach of the duty of good faith and fair dealing claim with resultant compensatory damages in excess of $10,000 and punitive damages in excess of $10,000, as well as an unfair claims practices claim under NRS 868A.310 et seq. for an unspecified amount of general and punitive damages. Therefore, the total amount in controversy is some unspecified amount possibly in excess of $60,000. That this total will exceed $75,000 is not evident on the face of Plaintiff's complaint, and Defendant has not met its burden by a preponderance of the evidence. Because any doubts as to the Court's jurisdiction must be construed against removability, the Court remands this case.

### IV. CONCLUSION

**IT IS ORDERED** that the Petition for Removal (ECF No. 1) is DENIED. This case is remanded to state court and back to the Eighth Judicial District Court, Clark County, Nevada, Case Number A-18-781625-C. The Clerk of Court is directed to close this case.

DATED: November 18, 2018.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**